IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00349-BNB

WILLIE HORTON,

    Plaintiff,

v.

BLAKE R. DAVIS, Warden,
MARK COLLINS, Adm. Remedy Coordinator,
P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Willie Horton, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX in Florence, Colorado. Mr. Horton, acting *pro se*, has filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 5 U.S.C. §§ 702, 704, and 706(2)(A)(B), and 28 §§ U.S.C. 1343, 1361, 1367, 2201, and 2202. Mr. Horton seeks injunctive and declaratory relief and money damages.

The Court construes the Complaint liberally because Mr. Horton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a district judge and a magistrate judge.

Mr. Horton asserts two violations of his constitutional rights. He first claims that Defendants P. Rangel, D. Foster, and A. Fenlon retaliated against him for filing administrative remedies, in violation of his First Amendment rights. Second, he claims that Defendants Blake R. Davis, Mark Collins, and Foster refused to photocopy his legal, handwritten documents to file in court, denying him access to the court and in violation of his First Amendment rights.

The retaliation claim asserted against Defendants Rangel, Foster, and Fenlon will be drawn to a district judge and a magistrate judge. The denial of access claim will be dismissed for the following reasons.

To state a denial of court access, Mr. Horton must plead and prove he was actually impeded in his ability to conduct a particular case to state a violation of his rights. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is

so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

Mr. Horton does not assert an actual injury. He claims only that he was denied photocopies of the documents he desired to file in the Superior Court for the District of Columbus. Mr. Horton does not assert that he was unable to submit the document or that the case was dismissed due to the lack of photocopies. Mr. Horton also does not have a *per se* constitutional right to photocopies. The court access claim, therefore, will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint with respect to the court access and photocopy claims asserted against Defendants Blake R. Davis, Mark Collins, and A Fenlon is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the Complaint with respect to the retaliation claims asserted against Defendants P. Rangel, D. Foster, and A. Fenlon shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendants Blake R. Davis and Mark Collins shall be terminated as parties to this action.

DATED at Denver, Colorado, this  27th  day of    February   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court