IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 12-cv-00349-REB-BNB

WILLIE HORTON,

Plaintiff,

v.

P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Motion for Summary Judgment on the Issue of
Exhaustion of Administrative Remedies** [Doc. #33, filed 08/06/2012] (the "Motion"). I
respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.
Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,
who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most
favorable to the party opposing the motion, and that party must be afforded the benefit of all
reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S.
144, 157 (1970).  Summary judgment shall be rendered "if the movant shows that there is no

genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of

pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine

issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party

may carry its initial burden either by producing affirmative evidence negating an essential

element of the nonmoving party's claim, or by showing that the nonmoving party does not have

enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties,

Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate

evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at

324.  Only admissible evidence may be considered when ruling on a motion for summary

judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the

United States Penitentiary, Administrative Maximum, in Florence Colorado ("ADX").  He filed

his Prisoner Complaint on February 9, 2012 [Doc. #1] (the "Complaint").  The Complaint

contains the following allegations:

1.  The plaintiff filed a grievance against defendants Rangel and Foster for violating his

due process rights at a Unit Discipline Committee hearing on January 3, 2011.  *Complaint*, p. 5.

2.   The plaintiff was released from the disciplinary segregation unit on August 2, 2011. "[I]n response to the plaintiff filing the aforemention[ed] Administrative Remedy," an unidentified person "had another false incident report written on that same day." <u>Id.</u>

3.   In retaliation for filing the grievance, defendants Fenlon and Foster found the plaintiff guilty of the fabricated charges.   <u>Id.</u>

4.   The plaintiff filed a grievance regarding Fenlon and Foster's conduct.   <u>Id.</u>

5.   Defendant Rangel transferred the plaintiff to the unit where Foster and Fenlon worked in retaliation for the plaintiff's grievances.   <u>Id.</u> at pp. 5-6.

6.   The plaintiff hand-wrote a legal brief to be submitted to the Superior Court of the District of Columbia.   On October 12, 2011, he gave the brief to Foster to make copies.   Foster went on leave without copying the brief.   <u>Id.</u> at p. 6.

7.   The plaintiff rewrote the brief and gave it to Fenlon for copying.   Fenlon refused and stated that he did not copy handwritten legal documents.   The plaintiff filed a grievance against Fenlon for obstructing his access to court.   <u>Id.</u>

8.   When Foster returned from leave on November 2, 2011, he returned the plaintiff's brief without copies in retaliation for the plaintiff's grievances.   The plaintiff filed a grievance against Foster for this misconduct.   <u>Id.</u>

9.   The plaintiff asked defendants Davis and Collins why he was refused copies.   In their response to one of the plaintiff's grievances, they stated that a handwritten legal document would not be photocopied.   <u>Id.</u> at pp. 6-7.

The Complaint asserts two violations of the plaintiff's First Amendment rights: (1) Rangel, Foster, and Fenlon retaliated against the plaintiff for filing administrative remedies, and

(2) Davis, Collins, Fenlon, and Foster refused to photocopy his legal handwritten documents resulting in a denial of access to the court.[1]  The court dismissed the denial of access claim on February 27, 2012 [Doc. #7] because the plaintiff did not allege any actual injury as required by Casey v. Lewis, 518 U.S. 343, 349-353 (1996).  On March 8, 2012, the plaintiff moved to supplement his Complaint to add allegations of actual injury [Doc. #11].  On March 22, 2012, the court accepted the supplement for filing and reinstated the claim [Doc. #14].

## III.  ANALYSIS

The defendants assert that the Complaint must be dismissed because the plaintiff has failed to exhaust his administrative remedies prior to filing his Complaint.  *Motion*, p. 8.  Because the plaintiff's claims challenge his prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA").  42 U.S.C. § 1997e(a).  The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both.  Booth v. Churner, 532 U.S. 731 (2001).  The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

4

exceptions into statutory exhaustion requirements where Congress has provided otherwise." <u>Id.</u> at 741 n.6.

The BOP has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. 542.10 *et seq. Motion*, Ex. A, ¶ 6. The procedure generally requires that an inmate first attempt to reach an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may submit a formal written Administrative Remedy Request on the appropriate form (BP-9) for review by the Warden of an issue which relates to the conditions of confinement. <u>Id.</u> at §§ 542.10, 542.14. In addition:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals. 28 C.F.R. §§ 542.14 - 542.15.

Grievances must be submitted within specific time frames. 28 C.F.R. §§ 542.14(a), 542.15(a). Ordinarily, a grievance must be submitted within 20 days of the date on which the basis of the grievance occurred. 28 C.F.R. § 542.14(a). An appeal to the regional level must be

submitted to the Regional Director within 20 days of the date the response to the institutional

level grievance is signed.  28 C.F.R. § 542.15(a).

Benjamin Brieschke, Senior Attorney for the BOP, attests that the plaintiff has not

exhausted the administrative remedy process for the claims he asserts in his Complaint.  *Motion*,

Ex. A, ¶ 12.

### 1.   Denial of Access Claim

Mr. Brieschke states that on November 1, 2011, the plaintiff submitted Administrative

Remedy No. 662918 at the institutional level.  In this grievance, the plaintiff claimed that he was

improperly denied copies of his handwritten legal documents, and he requested that he be

provided with copies of the documents.  Id. at ¶ 12a; *Complaint*, Ex. 1.  His grievance was

denied by the Warden.  Id.  The plaintiff appealed to the Regional Director on December 5,

2011.  *Motion*, Ex. A, ¶ 12a.  The appeal was denied on December 20, 2011, and the plaintiff

appealed to the Central Office on January 17, 2012.  Id.  The Central Office responded to the

appeal on July 24, 2012.  Id.

The defendants argue that this claim must be dismissed because it was not exhausted at

the time the plaintiff filed his Complaint on February 9, 2012.  *Motion*, pp. 7-8.  The defendants'

argument is frivolous.

The Tenth Circuit has stated:

> While it is true that a district court may dismiss a complaint for
> failure to exhaust when administrative resolution of the complaint
> is still pending,  see Jernigan v. Stuchell, 304 F.3d 1030, 1032
> (10th Cir.2002) (an inmate who starts but fails to complete the
> grievance process is "barred from pursuing a § 1983 claim under
> the PLRA for failure to exhaust his administrative remedies"), a
> prisoner cannot be required to wait indefinitely for a response to
> his final grievance before he may seek judicial review.  That is,

> when prison officials fail to timely respond to a grievance, the prisoner has exhausted "available" administrative remedies under the PLRA.  See id. ("[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable ...."); see also Sergent v. Norris, 330 F.3d 1084, 1085 (8th Cir.2003) (recognizing that officials' failure timely to respond to grievance could be basis for prisoner to show he exhausted available administrative remedies).  Because the CDOC did not timely respond to Mr. Whitington's Step 3 grievance, Mr. Whitington effectively exhausted his administrative remedies.

Whitington v. Ortiz, 472 F.3d 804, 807-808 (10th Cir. 2007).

Both the controlling federal regulation and the BOP's grievance policy require the General Counsel to respond to an inmate's appeal within 40 calendar days after the appeal is logged.  28 C.F.R. § 542.18; BOP Program Statement 1330.17, § 12.  Here, the General Counsel did not respond to the plaintiff's appeal until 189 days after it was logged.

I recognize that the plaintiff did not wait the full 40 days to file his Complaint.  However, when the court dismisses a claim for failure to exhaust, the dismissal is without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply exhausting the available remedies.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*.  See also Mitchell v. Figueroa, No. 12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of summary judgment to the defendants and dismissal of unexhausted claims without prejudice). The claim is now fully exhausted, and the plaintiff complied with all of his filing deadlines. Therefore, the exhaustion issue is moot as to this claim.[2]

---

[2]Mr. Brieschke also attests that the plaintiff failed to complete the grievance process regarding allegations that the plaintiff's counselor was not making copies for him in a timely manner (Administrative Remedy No. 665992).  *Motion*, Ex. A, ¶ 12c.  The Warden denied the

The Motion should be denied insofar as it seeks dismissal of the plaintiff's denial of access claim for failure to exhaust administrative remedies.

## 2.   Retaliation Claim

Mr. Brieschke further attests that on October 24, 2011, the plaintiff filed Administrative Remedy No. 661696 challenging his transfer to another unit.  The grievance was rejected the same day.  The plaintiff re-filed it on November 3, 2011, and it was denied by the Warden on November 15, 2011.  The plaintiff did not appeal the Warden's decision.  *Motion*, Ex. A, ¶ 12b.

The plaintiff does not provide any evidence to show that he exhausted Administrative Remedy No. 661696.  Therefore, he has failed to create a material fact dispute regarding whether he exhausted his administrative remedies regarding the retaliatory transfer by defendant Rangel.

In addition, he has not provided any evidence to show that he exhausted his administrative remedies as to the alleged retaliation by defendants Fenlon and Foster when they found the plaintiff guilty of fabricated charges.  The plaintiff argues that he exhausted all of his administrative remedies when he filed Administrative Remedies Nos. 662918, 642142, 665992, and 668445.  *Plaintiff's Response to Defendants' Motion for Summary Judgment* [Doc. #36] (the "Response").  Administrative Remedies Nos. 662918 and 665992 are related to the plaintiff's denial of access claim, which I have already found to be exhausted.

In Administrative Remedy No. 642142, the plaintiff complains that his due process rights were violated when a Unit Disciplinary Committee hearing took place beyond the

---

grievance at the institutional level because it had already been addressed in Administrative Remedy No. 662918.  *Plaintiff's Response to Defendants' Motion for Summary Judgment* [Doc. #36] (the "Response").  Because I find that the plaintiff exhausted the copy issue with Administrative Remedy No. 662918, his failure to exhaust it again in Administrative Remedy No. 665992 is of no consequence.

permitted time.  *Response*, Ex. 1.  This grievance does not challenge the alleged retaliation by defendants Fenlon, Foster, and Rangel.  Moreover, the plaintiff does not provide evidence to show that this grievance was properly exhausted, and the defendants have provided evidence to show that the plaintiff did not appeal this grievance to the Office of the General Counsel.  *Defendants' Reply in Support of Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies* [Doc. #40] (the "Reply"), Ex. A, ¶ 12b.

In Administrative Remedy No. 668445, the plaintiff challenges the Unit Discipline Committee's June 2011 decision that he committed the prohibited act of Possession of a Weapon.  He also challenges his untimely receipt of the Disciplinary Hearing Officer's report.  *Motion*, Ex. A-3; Ex. A-8.  The grievance does not challenge the alleged retaliatory actions of defendants Fenlon, Foster, or Rangel.  To the contrary, the alleged retaliatory acts of Fenlon, Foster, and Rangel occurred some time after the plaintiff was released from the disciplinary segregation unit on August 2, 2011.  *Complaint*, p. 5, ¶¶ 1-4.[3]

The plaintiff has failed to create a material factual dispute regarding whether he exhausted his administrative remedies as to his retaliation claim against defendants Fenlon, Foster, and Rangel.  The Motion should be granted insofar as it seeks dismissal of this claim for failure to exhaust administrative remedies.

---

[3]The plaintiff does not submit any evidence regarding Administrative Remedy No. 668445.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies [Doc. #33] be GRANTED IN PART and DENIED IN PART as follows:

1.   DENIED insofar as it seeks dismissal of the plaintiff's denial of access claim against defendants Davis, Collins, Fenlon, and Foster for failure to exhaust administrative remedies; and

2.   GRANTED insofar as it seeks dismissal of the retaliation claim against defendants Fenlon, Foster, and Rangel for failure to exhaust administrative remedies.[4]

Dated December 10, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).