IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-00349-REB-BNB

WILLIE HORTON,

      Plaintiff,

v.

BLAKE DAVIS, Warden,
MARK COLLINS, Admin. Remedy Coordinator,
P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

      Defendants.

---

## ORDER RE:  RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

      The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#42],[1] filed December 10, 2012; and (2) defendants' **Objection to Magistrate Judge Boland's Recommendation Regarding Defendants' Motion for Summary Judgment** [#43], filed December 21, 2012.  I sustain the objection and respectfully reject the recommendation to deny defendants' motion concerning plaintiff's claims for denial of access to the courts.  I adopt the recommendation insofar as it recommends dismissal of plaintiff's claim for retaliation for failure to exhaust.

      As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. I have considered

---

[1]  "[#42]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

carefully the recommendation, the objections, and the applicable case law.

Plaintiff is proceeding *pro se.* Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21,92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The magistrate judge recommends that **Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies** [#33], filed August 6, 2012, be granted insofar as it seeks dismissal for failure to exhaust as to plaintiff's retaliation claim.  Neither party has filed pertinent objections to that aspect of the recommendation, and I find and conclude that the recommendation should be approved and adopted in that particular respect.

However, defendants do object to the magistrate judge's recommendation that their motion be denied with respect to plaintiff's claim that defendants' alleged refusal to photocopy handwritten legal documents for him constituted a denial of his right of access to the courts.  The magistrate judge recognized that plaintiff had filed this action before the full forty-day period for the General Counsel to respond to his appeal had elapsed.  (**Recommendation** at 7 (citing 28 C.F.R. § 542.18 & BOP Program Statement 133.017 § 12).)  Nevertheless, because the required response had been supplied prior to the time the court issued its recommendation, the magistrate judge reasoned that the claim now was fully exhausted, thus mooting defendants' arguments.

2

This is not the law.  "Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."  ***Ruppert v. Aragon***, 448 Fed. Appx. 862, 863, (10th Cir.  Feb. 9, 2012), ***cert. denied***, 133 S.Ct. 137 (2012).  The majority of federal courts agree on this point.  ***See, e.g.***, ***Neal v. Goord***, 267 F.3d 116, 121-22 (2nd Cir. 2001), ***overruled on other grounds by Porter v. Nussle***, 534 U.S. 516, 531, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); ***Jackson v. District of Columbia***, 254 F.3d 262, 268-69 (D.C. Cir. 2001); ***Freeman v. Francis***, 196 F.3d 641, 645 (6th Cir. 1999); ***Perez v. Wisconsin Department of Corrections***, 182 F.3d 532, 535 (7th Cir. 1999).

Under similar provisions of the Federal Tort Claims Act, the Tenth Circuit has held that even the filing of an amended complaint once exhaustion has been perfected will not cure the pre-filing failure to fully exhaust.  ***Hill v. Pugh***, 75 Fed. Appx. 715, 717 (10th Cir. Sept. 11, 2003); ***Duplan v. Harper***, 188 F.3d 1195, 1199 (10th Cir. 1999);[2] ***Stine v. Swanson***, 2008 WL 4330568 at *8-9  (D. Colo. Sept. 18, 2008).

Plaintiff's allegedly contrary authority is either completely inapposite, ***Sisneros v. Booker***, 981 F.Supp. 1374 (D. Colo. 1997), has been specifically overruled, ***Williams v. Norris***, 176 F.3d 1089, 1090 (8th Cir. 1999), ***overruled as recognized in Johnson v. Jones***, 340 F.3d 624, 627-28 (8th Cir. 2003), or actually supports defendants' proposition that nothing short of full exhaustion prior to the filing of suit will suffice, ***see, e.g.***, ***Medina-Claudio v. Rodriguez-Mateo***, 292 F.3d 31, 36 (1st Cir. 2002).

---

[2]  In ***Duplan***, the court made an exception based on the government's acknowledgment that the amended complaint constituted a new action and agreement to administrative closure of the first action pending exhaustion.  ***See Duplan***, 188 F.3d at 1199-1200.  No such agreement is operative here.

Given these precedents, I am constrained to dismiss, albeit without prejudice, plaintiff's free access claim for failure to exhaust administrative remedies.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendants' objections as stated in **Objection to Magistrate Judge Boland's Recommendation Regarding Defendants' Motion for Summary Judgment** [#43], filed December 21, 2012, are **SUSTAINED**;

2.  That the **Recommendation of United States Magistrate Judge** [#42], filed December 10, 2012, is **REJECTED IN PART** and **APPROVED AND ADOPTED IN PART** as follows:

    a.  That the recommendation to deny **Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies** [#33], filed August 6, 2012, concerning plaintiff's claim of denial of his right to free access to the courts is respectfully **REJECTED**; and

    b.  That the recommendation to grant **Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies** [#33], filed August 6, 2012, otherwise is **APPROVED AND ADOPTED** as an order of this court;

2.  That **Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies** [#33], filed August 6, 2012, is **GRANTED**;

3.  That plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

4.  That judgment **SHALL ENTER** on behalf of defendants, Blake Davis, Warder;

Mark Collins, Admin. Remedy Coordinator; P. Rangel, Unit Manager; D. Foster, Counselor; and A. Fenlon, Case Manager, against plaintiff, Willie Horton, as to all claims for relief and causes of action; provided, that the judgment on these claims shall be without prejudice.

Dated February 11, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge