**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00349-REB-BNB

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, Warden
MARK COLLINS, Admin. Remedy Coordinator,
P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Reconsideration of Summary Judgment** [#49],[1] filed February 20, 2013.  I deny the motion.

Because plaintiff's motion was filed within 28 days of the entry of judgment, it is properly considered under Fed. R. Civ. P. 59(e).  Nevertheless, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

---

[1] "[#49]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

None of these circumstances pertains here.  Plaintiff instead cites the court to legal authority that predates the date of the apposite order.  I am not bound by the decisions of other co-equal courts in this district, **see  Garcia v. Tyson Foods, Inc.**, 534 F.3d 1320, 1329 (10th Cir. 2008), or appellate courts in other jurisdictions, **see Bath v. Bushkin, Gaims, Gaines and Jonas**, 913 F.2d 817, 189 (10th Cir. 1990) ("The district court is bound to follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits."), **abrogated on other grounds by Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson**, 501 U.S. 350, 354 n.1, 111 S.Ct. 2773, 2777 n.1, 115 L.Ed.2d 321 (1991)).  On the other hand, I am bound to follow the decisions of the Tenth Circuit, **see United States v. Spedalieri**, 910 F.2d 707, 709 n.2 (10th Cir. 1990), which is precisely what occurred in this case (*see* **Order Re:  Recommendation of the United States Magistrate Judge** at 3 [#46], filed February 11, 2013 (citing **Ruppert v. Aragon**, 448 Fed. Appx. 862, 863 (10th Cir. Feb. 9, 2012), **cert. denied**, 133 S.Ct. 137 (2012).)[2]  Only a contrary decision by the Tenth Circuit would require a result different from that reached in this case.  This is why provision is made in our rules for an appeal to that court if plaintiff disagrees with my decision.

---

[2]  I acknowledge that an unpublished opinion itself is not precedential, **see Fed. R. App.** 32.1, but the published Tenth Circuit cases on which **Ruppert** relied are, **see Ruppert**, 448 Fed. Appx. at 863 (citing, *inter alia*, **Jernigan v. Stuchell**, 304 F.3d 1030, 1032 (10th Cir. 2002) and **Duplan v. Harper**, 188 F.3d 1195, 1199 (10th Cir. 1999).)

**THEREFORE, IT IS ORDERED** plaintiff's **Motion for Reconsideration of Summary Judgment** [#49], filed February 20, 2013, is **DENIED**.

Dated April 4, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge